UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

HENRY FELLELA,                          :
                                        :
    Petitioner,                         :
                                        :
  v.                                    :     CIVIL NO. 3:16-CV-0463
                                        :
WARDEN USP-LEWISBURG,                   :     (Judge Kosik)
                                        :
    Respondent.                         :

# MEMORANDUM

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Henry Fellela ("Petitioner"). Petitioner is incarcerated at the Federal Prison Camp at Lewisburg, Pennsylvania, and has paid the required $5.00 filing fee in this matter. Petitioner claims that the Bureau of Prisons ("BOP") has improperly calculated his federal sentence by failing to give him credit for pre-sentence home detention. He raises his argument under the Equal Protection Clause. He also claims that his Due Process rights were violated under the Fifth Amendment in that he was not provided with notice that he would not be receiving credit to any future sentence for the home detention and, therefore, argues that any bail was elected unintelligently. For the reasons that follow, the petition will be deemed unexhausted. In the alternative, even if exhaustion were found to be futile, the court finds that Petitioner's claims are without merit.

**I.     Background**

On July 24, 2013, Petitioner was indicted by a federal grand jury in the District of Rhode Island.  As a result, he was thereafter arrested on July 26, 2013.  (Doc. 7, Ex. 1 ¶4; Attach. B, Criminal Dkt. in 1:13-CR-0097.)  He was released from custody on this same date by the District Court of Rhode Island on an unsecured bond with conditions of release including home confinement.  (Id., Ex. 1 ¶5;  Attach. C,  Order Setting Conditions of Release.)

On December 10, 2013, the conditions of Petitioner's release were modified by the court and his status was changed from home confinement to home detention.  (Id., Ex. 1 ¶6; Attach. D, Order Setting Conditions of Release.)  With this change, Petitioner was allowed to have contact with his family, to eat dinner out with his wife, and to visit the homes of his children.  (Id.)

On August 26, 2014, Petitioner was sentenced to forty-eight (48) months imprisonment.  (Id., Ex. 1 ¶7; Attach. E, Judgment and Commitment.)  Petitioner was ordered to surrender for service of his sentence at the institution designated by the BOP on October 3, 2014, but a motion to continue the surrender date to October 6, 2014, was granted by the court.  (Id., ¶ 8.)  On said date, Petitioner surrendered to the Federal Prison Camp at Lewisburg.

The BOP computed Petitioner's sentence and commenced it on October 6,

2014, the date Petitioner surrendered. (Id.; Attach. F, Sentencing Computation Data.) The earliest date of Petitioner's offense was listed as September 1, 2010. In accordance with 18 U.S.C. § 3583(b) and BOP Program Statement 5880.28, Petitioner received credit for time spent in custody from April 10, 2013 through April 12, 2013, and for July 26, 2013. (Id.) His current projected release date from custody is March 27, 2018. (Doc. 7, Ex. 1 ¶ 3; Attach. A at 1.)

Petitioner filed this habeas petition on March 17, 2016. In the petition, the sentence credit Petitioner seeks is for time he spent in home detention while awaiting trial. As relief, he requests that the court grant him credit for the time he spent in custody while on this pre-trial release. (Doc. 1, Pet. at 8.) A response and a traverse have been submitted. The court will now address Petitioner's arguments.

**II.  Discussion**

    **A.  Exhaustion**

Respondent first argues that the petition is subject to dismissal due to Petitioner's failure to exhaust his claim that he was entitled to credit on his sentence for time spent in pre-sentence home confinement/detention. Although § 2241 does not contain an exhaustion requirement, federal courts have "consistently applied an exhaustion requirement" to claims brought pursuant to the statute. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). These exhaustion rules serve an important

and salutary purpose. The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under § 2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996); see also Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

However, the Third Circuit has also made clear that exhaustion of administrative remedies will not operate to bar a petition from consideration if remedies were unavailable or if they would be incapable of providing adequate redress to an inmate, or otherwise where exhaustion would be futile. See Gambino, 134 F.3d at 156. Exhaustion is not deemed futile "just because a prisoner anticipates he will be unsuccessful in his administrative appeals." See Torres v. Martinez, No. 3:09-CV-1070, 2009 WL 2487093, at *4 (M.D. Pa. Aug. 12, 2009). Furthermore, because failure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the respondent, Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002), in cases where an inmate has adequately represented that prison officials induce or cause an inmate to believe that he was not required to comply fully with the

4

exhaustion requirements in a particular case, the Third Circuit has cautioned against premature dismissal of an action on exhaustion grounds alone. See Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002).

The BOP has established a three-tiered administrative remedy procedure with respect to inmate complaints which is set forth in 28 C.F.R. § 542.10 et seq. As part of this grievance process, once a final decision is made, inmates should first present their complaints to staff, and staff are obliged to attempt to informally resolve any issues before an inmate files a formal request for Administrative Remedy. Id. at § 542.13(a). At the second stage of this process, if an inmate is unable to informally resolve his complaint, the inmate may file a formal written complaint to the warden on the appropriate form, within twenty (20) calendar days of the date on which the events which form the basis for the complaint took place. Id. at §542.14(a). If the inmate's concern is not addressed to the inmate's satisfaction by the warden's response, the inmate may then file an appeal to the Regional Director within twenty (20) calendar days. Id. at § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to General Counsel (Central Office) within thirty (30) calendar days from the date of the Regional Director's response. Id. The Regional Director has thirty (30) calendar days to respond, and the General Counsel has forty (40) calendar days to address the inmate's

concern. Id. at § 542.18.  Under these procedures, no administrative remedy appeal is considered to have been fully exhausted until decided by the Central Office.  28 C.F.R. § 542, et seq.

In the instant case, Respondent states that Petitioner argues that he is not required to exhaust his administrative remedies because it would be futile.  He claims that he is challenging the validity of the BOP's policy not to credit pre-sentence home confinement rather than its application to his sentence.  (Doc. 1, Pet. at 2.)  In support of his futility argument, Petitioner cites Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005)(holding that exhaustion would be futile where a prisoner challenged the validity of a BOP regulation rather than its application to a particular case).

In response to Petitioner's argument, Respondent claims that he cannot rely on the futility exception to the exhaustion requirement clearly based on the relief he seeks in his petition.  In reviewing the petition, it is clear that the requested relief is a change to Petitioner's sentence.  He specifically seeks credit for his pre-trial home confinement/detention.  He does not seek that the BOP policy be declared unconstitutional.  Respondent has submitted the declaration of Jennifer Knepper, Attorney Advisor, which establishes that Petitioner has not filed any administrative remedies since his designation to the custody of the BOP.  (Doc. 7-2, Ex. 1, Knepper

6

Decl. ¶10.)  Clearly, Petitioner has failed to exhaust his administrative remedies.

In his reply brief, Petitioner attempts to claim that the "gravamen" of his argument is that the policy of disallowing credit is being challenged on the grounds of Equal Protection.  (Doc. 8 at 2.)  While there is no doubt that Petitioner is challenging not receiving credit, there is also no doubt that Petitioner personally seeks credit to his sentence as set forth in his petition.  As such, this court is of the opinion that exhaustion would not be futile under the circumstances presented.  See Givens v. Thomas, Civ. No. 3:CV-12-874, 2013 WL 3102895 (M.D. Pa. June 18, 2013) (unreported opinion); United States v. D'Ambrosia, 75 F. App'x 82 (3d Cir. 2003)(unpublished opinion)(finding that in order for defendant to receive credit for time served under home confinement pending appearance to enter plea and sentencing, defendant had to exhaust administrative remedies by seeking credit from Attorney General, acting through BOP); see generally United States v. Anderson, 517 F. App'x 772 (11th Cir. 2013)(unpublished opinion); Kaiser v. United States, 20 F. Supp. 3d 301 (E.D.N.Y. 2014)(finding that the credit issue as raised in § 2255 must first be exhausted, even though court went on to address the petition and find the claims to be without merit).  Based on the foregoing, the court finds that Petitioner was required, but failed, to exhaust his administrative remedies before filing the instant petition.  To allow otherwise would frustrate the purposes of the exhaustion

doctrine by allowing prisoners to invoke the judicial process before completing administrative review.

**B.     Merits**

Even if the court were to find that exhaustion was excused as futile in this case, the claims raised by Petitioner are sill without merit.  Petitioner raises claims under the Equal Protection Clause and the Due Process Clause.  He claims that allowing for post-sentence home detention credit, but not pre-sentence home detention credit, is a violation of the Equal Protection Clause.  (Doc. 1, Pet. at 3-6.)  He claims that there is no binding precedent since the Supreme Court in Reno v. Koray, 515 U.S. 50 (1995) did not address the equal protection argument.  He further argues that he was denied Due Process because he did not receive notice that his pre-sentence home confinement would not be credited to his sentence; therefore, any bail was not elected intelligently.  (Id. at 6-8.)

Equal Protection

The court will first address Petitioner's Equal Protection claim.  The Equal Protection Clause provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  The Clause is "essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)(internal

quotation marks omitted).  The Supreme Court applied the clause against the federal government in Boiling v. Sharpe, 347 U.S. 497 (1954).  Under an equal protection analysis, if a classification would violate the Equal Protection Clause of the Fourteenth Amendment, then it also violates the Fifth Amendment's Due Process Clause as a matter of law.  See Johnson v. Robinson, 415 U.S. 361, 364 n. 4 (1974).

Petitioner argues that when he did the pre-sentence home confinement, he was "in custody," even though he had less restrictions, and that he was "similarly situated" to those individuals who receive credit for home detention post-sentencing.  The court rejects his arguments for the following reasons.  At the time Petitioner was ordered to home confinement pending sentencing, he clearly was not similarly situated to an individual in federal custody serving a federal sentence.  He seeks credit for a period of time that occurred prior to the imposition of any federal sentence, and prior to being remanded for service of any federal sentence.

Title 18 U.S.C. § 3585(b) addresses when an inmate is entitled to prior custody credit.  An inmate "shall be given credit toward the service of a term of imprisonment for any time spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."  In Reno, the Supreme Court found that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility. . . .'"

9

Id. at 58. Confinement spent under restrictive conditions of release such as in a community treatment center was found not to amount to official detention. In the instant case, Petitioner seeks credit for time confined to his home prior to sentencing. He was not detained in a penal or correctional facility, and does not argue that he was. Although the conditions may have been more restrictive than if he was not on home detention or confinement, he was still not subject to "official detention" and therefore knows he is barred from the pre-sentence credit for such confinement under the principles announced in Koray. The Third Circuit is bound by the holding in Koray, and has followed said holding. See United States v. Piper, 525 F. App'x 205 (3d Cir. May 24, 2013)(unreported opinion); Givens, 2013 WL 3102895, at *4.

Plaintiff attempts to sidestep the holding in Koray by stating that the Supreme Court left the door opinion for an Equal Protection argument when the Court specifically stated that such an argument was not before it at that time. (Doc. 1, Pet at n. 1.) While this may be true, the court rejects any equal protection argument on the following basis. A pretrial detainee is not "similarly situated" to a sentenced prisoner. They are legally distinct from one another and, therefore, are not similarly situated. They have a divergent legal status. See Cucciniello v. W.S. Keller, 137 F.3d 721, 723 (2d Cir. 1998); Rodriguez. Lamer, 60 F.3d 745, 748-49 (11th Cir. 1995); United States v. Edwards, 960 F.2d 278, 283-85 (2d Cir. 1992); Moreland v.

United States, 968 F.2d 655, 662 (8th Cir. 1992); United States v. Woods, 888 F.2d 653, 656 (10th Cir. 1989). It has also been found that no distinction exists between the home detention being imposed solely as a condition of bail release, or whether the home confinement is imposed as part of the sentence. See Cucciniello, 137 F.2d at 723. There is no unequal treatment involved between Petitioner as a pretrial detainee and someone sentenced to home confinement. As such, the court finds any equal protection argument to be without merit.

Due Process

Plaintiff's due process claim invokes Justice Ginsberg's concurring opinion in Koray, which states as follows:

> I write separately to point out that Koray has not argued before us that he did not elect bail intelligently, i.e., with comprehension that time in the halfway house, unlike time in jail, would yield no credit against his eventual sentence. The Court thus does not foreclose the possibility that the fundamental fairness we describe as "due process" calls for notice and a comprehension check. Cf. Fed. Rule Crim. Proc. 11 (setting out information a court is to convey to assure that a defendant who pleads guilty understands the consequences of the plea).

Koray, 515 U.S. at 65.

Petitioner basically argues that he was not provided with a proper notice and comprehension check, as required by the Due Process Clause of the Fifth Amendment, that the time he spent in pre-sentence home detention wold not be

11

credited to his eventual sentence. As such, he claims that he did not elect bail intelligently. (Doc. 1, Pet. at 6.) He claims that had he been informed that he would not be receiving credit for the home detention, then he would not have sought pre-trial release. In support of his argument, he cites to Fed. R. Crim P. 5(d)(1) and claims that the judge must inform him that he will not be receiving credit. Had he known, he claims that he would not have chosen the pre-trial release, and would have voluntarily submitted to pre-trial detention in a facility, as "99.97% of all people indicted go to prison." (Id. at 7.)

Even assuming the veracity of Petitioner's claim that he was uninformed regarding the consequences of his bail election, no due process violation is implicated for the following reasons. First, Petitioner cites no binding case law to support his proposition. Second, it has been followed by our Circuit that "[t]here is no constitutional requirement that [defendant] had to be notified that home confinement would not be credited against a subsequent sentence. . . ." See United States v. Piper, 525 F. App'x 205, 210 n.6 (3d Cir. May 24, 2013) citing Cucciniello v. Keller, 137 F.3d 721, 725 (2d Cir. 1998); see also Nagib v. Conner, 192 F.3d 127, 1999 WL 684168, at *2-3 (5th Cir. Aug. 13, 1999).[1] The court is convinced by the analysis set forth by the Second Circuit in Cucciniello that Rule 11's notice requirement of a valid

---

[1] The court does point out that, as stated by the Second Circuit, although notice is not required, it may be advisable to volunteer this information to an individual to avoid any later misunderstanding. (Id. at 725.)

guilty plea, demonstrates why notice in the instant context is not required. The election to plead guilty requires notification to ensure that the relinquishment of significant rights at the time of the plea is knowing and voluntary. However, under the instant circumstances, there is no relinquishment of any significant right by Petitioner when he elects bail. He is basically choosing to trade confinement in jail for a less restrictive environment - as here - his home. Petitioner is not giving up anything significant. Rather, he is receiving a benefit - a less restrictive confinement. To the extent Petitioner were to argue that he is "giving up" the right to have any credit toward eventual sentence begin during pretrial confinement, this has been rejected as a liberty interest protected by the Due Process Clause. See Cucciniello, 137 F.3d at 724. While Petitioner does not believe there is any speculation involved in whether he will later be convicted, the court finds any such argument to be without merit. It clearly is speculative as to whether an individual will be convicted, and, if convicted, whether he will be sentenced to prison.

    A person being offered parole is also distinguishable. Although notice of the consequences is given to such an individual, they are electing the parole, with its conditions, and the notice given is to assure that any later imposition of sanctions for violating the parole comports with the Due Process Clause. (Id.) For these reasons, the court finds that no due process violation occurred in the instant case.

    An appropriate order follows.